```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                           ASHLAND DIVISION

IN RE:

HNRC DISSOLUTION CO.                                CASE NO. 02-14261

DEBTOR


GEOFFREY L. BERMAN, solely in his
capacity as the Liquidating Trustee
of the HNR Liquidating Trust                              PLAINTIFF


VS:                                                       ADV. 04-1195


HOSKINS & HOSKINS TRUCKING INC.                           DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the Defendant's Motion for Rule 9011 Sanctions. This Defendant is one of 38 similarly situated defendants who filed the same motion. The actions involving the 38 defendants were consolidated for purposes of conducting discovery. The Defendant seeks the imposition of costs, attorney fees, expenses, and any other relief deemed proper against the law firm of Foley & Lardner, LLP, and certain of its counsel (collectively "Foley") as attorneys for the Plaintiff, "for the signing and filing of a knowingly frivolous Complaint without obtaining any relevant documents or conducting a reasonable investigation or due diligence to determine the merits (or lack thereof) of the alleged causes of action." This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

    1.   Factual and procedural background

The Plaintiff here was appointed Liquidating Trustee on October

1, 2004, less than 45 days before the running of the statute of limitations for preference actions. He filed his Complaint to Avoid and Recover Preferential Transfers on November 9, 2004, one of the approximately 649 preference proceedings he filed.  Summons service was executed on February 2, 2005, and the Defendant filed its Answer on February 15, 2005.  The Plaintiff filed a Motion to Voluntarily Dismiss Adversary Proceedings on May 10, 2005.  The Defendant filed a Response to the Motion on May 16, 2005.   The Motion was heard by the court on May 19, 2005, at which time it was sustained.  An Agreed Order Granting Plaintiff's Motion to Voluntarily Dismiss Adversary Proceeding was entered on June 3, 2005.  This Order provided *inter alia* that the action was dismissed with prejudice with each party to bear its own costs, and that the Defendant had not and was not deemed to have waived any alleged claim under Bankruptcy Rule 9011 by entry of the Order.  The proceeding was closed on June 28, 2005.  The Defendant filed its Motion for Sanctions Pursuant to Bankruptcy Rule 9011 on July 27, 2005, and its Amended Motion for Sanctions on August 29, 2005.  The Plaintiff filed a Response to the Motion, and the court heard the matter on August 30, 2005.

    2.   <u>Discussion</u>

        a.   <u>The Rule 9011 standard</u>

Bankruptcy Rule 9011 provides in pertinent part:

```
(a) Signature.  Every petition, pleading, written motion,
and other paper, . . ., shall be signed by a least one
attorney of record in the attorney's individual name.
(b) Representations to the Court.  By presenting to the
court (whether by signing, filing, submitting, or later
advocating) a petition, pleading, written; motion, or other
paper, an attorney . . . is certifying that to the best of
the person's knowledge, information, and belief formed after
an inquiry reasonable under the circumstances, --
```

>(1) it is not being presented for any improper
>purpose . . .;
>(2) the claims, defenses, and other legal contentions
>therein are warranted by existing law . . .;
>(3)the allegations and other factual contentions have
>evidentiary support, or, if specifically so identified, are
>likely to have evidentiary support after a reasonable
>opportunity for further investigation or discovery; and
>(4)the denials of factual contentions are warranted on the
>evidence or, if specifically so identified, are reasonably
>based on a lack of information or belief.
>(c) Sanctions.  If, after notice and a reasonable
>opportunity to respond, the court determines that
>subdivision (b) has been violated, the court may, subject to
>the conditions stated below, impose an appropriate sanction
>upon the attorneys, law firms, or parties that have violated
>subdivision (b) or are responsible for the violation.
>(1) How initiated.
>    (A) By Motion.  A motion for sanctions under this rule
>shall be made separately from other motions or requests and
>shall describe the specific conduct alleged to violated
>subdivision (b).  It shall be served as provided in Rule
>7004.  The motion for sanctions may not be filed with or
>presented to the court unless, within 21 days after service
>of the motion . . ., the challenged paper, claim, defense,
>contention, allegation, or denial is not withdrawn or
>appropriately corrected . . .

The standard in the Sixth Circuit for imposing sanctions is most recently found in *In re Big Rapids Mall Assocs.*, 98 F.3d 926 (6th Cir. 1996).  There the court stated: "In this circuit, the test for imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances."  *Id*. at 930.  *See also Albright v. Upjohn Co.*, 788 F.2d 1217, 1221 (6th Cir. 1986).  The court in *Jackson v. Law Firm*, 875 F.2d 1224 (6th Cir. 1989), enunciated the obligations of the attorney in light of the requirements of Rule 11.  The attorney must make a reasonable inquiry concerning the facts and the law, and he must not file the document in question for any improper purpose.  *Id*. at 1229.

Various factors are applied to the determination of whether conduct is reasonable, including "the time available to the signor for

3

investigation; whether the signor had to rely on a client for information as to the facts underlying the pleading, motion or other paper; whether the pleading, motion. or other paper was based on a plausible view of the law; or whether the signor depended on forwarding counsel or another member of the bar." *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988), *quoting Century Prods., Inc. v. Sutter*, 837 F.2d 247, 250 (6th Cir. 1988) (citations omitted).

In this matter, Foley was operating in a restricted time frame in its efforts to investigate and timely file preference actions. In addition, Foley could not be charged with knowledge of the viability of each matter at its inception. It was in no better position to make such a determination without an opportunity to investigate than any law firm would have been.

A motion for sanctions cannot be filed with or presented to the court without satisfying the requisite 21-day "safe harbor" provision. In *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), the court held that this provision, one of the 1993 amendments to the Rule,

> allow[s] for a twenty-one day period of 'safe harbor,' whereby the offending party can avoid sanctions altogether by withdrawing or correcting the challenged document or position after receiving notice of the allegedly violative conduct. In that way, the 'safe harbor' provision works in conjunction with the duty of candor, giving the proponent of a questionable claim an opportunity to assess the claim's validity without immediate repercussion.

*Id*. at 294. As to the timing of the motion,

> a party cannot wait to seek sanctions until after the contention has been judicially disposed. A party must now serve a Rule 11 motion on the allegedly offending party at least twenty-one days prior to conclusion of the case or judicial rejection of the offending contention. If the court disposes of the offending contention before the

> twenty-one day 'safe harbor' period expires, a motion for sanctions cannot be filed with or presented to the court. Any other interpretation would defeat the rule's explicit requirements.

*Id.* at 295. *Ridder* has not been overruled, and it remains the law in the Sixth Circuit. As may be seen from the dates set out above, the Complaint herein had been dismissed by the time the Rule 9011 motion was filed. No 21-day safe harbor notice was given, but it appears that, even if it had been, no sanctions would have been imposed as the offending pleading had already been dismissed.

The Defendant contends that *Powell v. Squire, Sanders & Dempsey*, Nos. 98-3668, 98-3670, 1999 WL 519816 (6th Cir. July 16, 1999), an unpublished opinion, "clarifies" the *Ridder* court's determination that a motion for sanctions must be filed prior to the adjudication of the case, and rejects it as dicta. In *Powell* the movant satisfied the safe harbor provision by serving his motion more than 21 days before the case was dismissed, even though he filed the motion after the dismissal. *Id.* at *3. The *Powell* court's characterization of the determination in *Ridder* that the motion for sanctions must be filed with the court prior to the adjudication of the case as "unnecessary" has more to do with the fact that the movant in *Ridder* did not serve the motion for the safe harbor period than that the motion was served after dismissal.

The Defendant has made reference to another unpublished Sixth Circuit case, *Barker v. Bank One*, No. 97-5787, 1998 WL 466437 (6th Cir. July 30, 1998). In this case, counsel for the Rule 9011 movants had notified the plaintiff by letter that they intended to seek sanctions before they served their motion for sanctions. The

5

complaint was not withdrawn, and motions to dismiss were eventually granted. The defendants then served their motion for sanctions 21 days before filing it with the court. *Id.* at *2. The obvious difference between this matter and the *Barker* case is that the offending pleading was withdrawn here before any motion was ever served. *Barker* is not instructive in this instance.

In consideration of all the foregoing, it is the opinion of this court that the Defendant has not satisfied the requirements of Bankruptcy Rule 9011 for service of a motion for sanctions, and that its Motion for Rule 9011 Sanctions should be and hereby is overruled.


COPIES TO:

Amy P. Purcell, Esq.
Matthew B. Bunch, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Thursday, September 29, 2005**
**(wsh)**